UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-09937-FWS-JC                                                          Date: March 14, 2024
Title: Hung Duong Nguon *et al.* v. Robert Luna *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER AND DENYING AS MOOT REQUEST TO EXCEED PAGE LIMIT [3]**

   Plaintiff Hung Duong Nguon ("Plaintiff") initiated this action on November 20, 2023, seeking to proceed *in forma pauperis* (Dkts. 1, 2).  Pursuant to the court's obligation to screen *in forma pauperis* complaints under 28 U.S.C. § 1915, on December 19, 2023, the court denied Plaintiff's application to proceed *in forma pauperis* because Plaintiff sought to bring a civil rights action despite having three "strikes" under 28 U.S.C. § 1915(g) without sufficiently alleging the applicability of an exception.  (Dkt. 7.)  Accordingly, the court ordered Plaintiff to pay the full filing fee within thirty days of the date of its December 19, 2023.  Plaintiff has not paid the filing fee or otherwise responded to the court's order, and mail to Plaintiff's address of record has returned undelivered.  (*See* Dkt. 8.)

   In considering whether to dismiss a cause for failure to prosecute or failure to comply with a court order, the court considers five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09937-FWS-JC　　　　　　　　　　　　　　　　　Date: March 14, 2024
Title: Hung Duong Nguon *et al.* v. Robert Luna *et al.*

___

*Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

　　On balance, the court finds the relevant factors favor dismissal. As for the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Under the second factor, the delay in this action "has consumed some of the court's time that could have been devoted to other cases on the docket," and impeded the court's ability to "manage its docket without being subject to routine noncompliance of litigants." *See id.* (citation omitted). Regarding the third factor, "[t]he law presumes injury from unreasonable delay," *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994), and "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case," *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (citation omitted). It is Plaintiff's responsibility to "keep the [c]ourt and all other parties informed of the party's current address," L.R. 41-6, and Plaintiff's failure to do so and otherwise respond to the court's order directing Plaintiff to pay the filing fee in this matter within thirty days of December 19, 2023, has caused progress in this case to stall. Therefore, the court concludes the first, second, and third factors all favor dismissal.

　　As for the fourth factor, the public policy favoring the disposition of cases on their merits, generally weighs against dismissal. *Hernandez*, 138 F.3d at 399. However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). As noted, Plaintiff's noncompliance with the court's orders and Local Rules has prevented this case from progressing. Accordingly, at minimum, the fourth factor does not preclude dismissal.

　　In analyzing the fifth factor, the court finds less drastic sanctions are not reasonably available. Plaintiff sought to proceed *in forma pauperis*; monetary sanctions are thus inappropriate given Plaintiff's representation of his financial circumstances if not ineffective. The court also notes it advised Plaintiff in its December 19, 2023, order that "[t]he failure to

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-09937-FWS-JC | Date: March 14, 2024 |
| Title: Hung Duong Nguon *et al.* v. Robert Luna *et al.* | |

pay the full filing fee by the deadline will result in dismissal of this action without prejudice." (Dkt. 7 at 2.) However, Plaintiff has not complied with that order or Local Rule 41-6 to date. Accordingly, the fifth factor favors dismissal.

For the reasons stated, based on the state of the record, as applied to the applicable law, the court concludes dismissal of this action is warranted. This case is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); L.R. 41-6. Plaintiff's pending request to exceed the page limitation (Dkt. 3) is **DENIED AS MOOT**. The Clerk is **respectfully directed to close the case file.**

**IT IS SO ORDERED.**